IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:                                           )
                                                 )
SUNSHINE HOME HEALTH CARE, INC.                  )     Case No. 17-20797-11RDB
                                                 )
                        DEBTOR.                  )
                                                 )

**MOTION TO SELL SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF CLAIMS AND INTERESTS**

Sunshine Home Health Care, Inc. (the "Debtor"), by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 105 and 363(b) and (f) and Fed. R. Bankr. P. 2002(a)(2), 6004 and 9014, files this Motion to Approve the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Interests (the "Sale Motion") to approve the sale of the Purchased Assets (as defined herein) free and clear of any interest in such Purchased Assets pursuant to 11 U.S.C. §363.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue of the case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**PROCEDURAL BACKGROUND**

3.      On May 5, 2017, (the "Petition Date") the Debtor commenced this case by filing a voluntary petition pursuant to Chapter 11, Title 11, United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

4. Prior to the Petition Date, the Debtor operated a home health services business located in Kansas.

5. As a home health provider, the Debtor is the owner of several licenses, permits, and contracts, including without limitation the following (collectively, the "Purchased Assets"):

   a. That certain home health license issued by the State of Kansas to the Debtor with which is maintained at the Business Address;

   b. The Medicare Provider Number for the Debtor's business operated within the State of Kansas;

   c. The Debtor's National Provider Number;

   d. The Debtor's Medicaid provider number;

   e. All other payor contracts of the Debtor;

   f. All contracts, agreements, and documents evidencing the foregoing subsections (a) through (e) above.

6. On August 25, 2017, the Debtor received an Asset Purchase Agreement for the sale of the Purchased Assets free and clear of any interest therein, with (the "Purchaser"). The proposed Asset Purchase Agreement is attached hereto and its terms are detailed in Section (A) below. The parties intend the Asset Purchase Agreement in substantially the same form as attached hereto, but expect minor revisions to verify that all material information is correct. A copy of the Asset Purchase Agreement is attached hereto as Exhibit 1.

7. The Debtor is struggling to make payroll and other obligations and needs to sell or wind down its business.

**AUTHORITY TO SELL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, INCLUDING SUCCESSOR LIABILITY**

8. The Bankruptcy Code provides the authority for the Debtor to sell the assets free and clear of all liens, claims, encumbrances, and interests.

9. 11 U.S.C. §363(b)(1) provides that the Debtor, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate.

10. 11 U.S.C. §363(f) states that the Debtor may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if

> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f)

11. The purpose of §363(f)(5) is to permit property of the estate to be sold free and clear of interests that are legal in nature so that liquidation of the estate's assets are not delayed while such disputes are being litigated. See, generally, 3 Lawrence P. King, Collier on Bankruptcy ¶ 363.06 (15th ed. rev.1998.

12. The leading case on the construction of §363(f), *In re Trans World Airlines, Inc.*, 322 F.3d 283 (3d Cir. 2003), reasoned that "interests in property" should be broadly construed to "encompass other obligations that may flow from ownership of the property." *Id*. at 289 (*quoting Folger Adam Sec. Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 259 (3d Cir. 2000)).

13. In *Transworld*, the Third Circuit held that American Airlines, who purchased assets of TWA "free and clear of any interest in such property" under § 363(f), could not be held liable for undischarged employment discrimination claims of former TWA employees. *Id*. at 289-90.

14. *Transworld* followed the precedent of *In re Leckie Smokeless Coal Co.*, 99 F.3d 573 (4th Cir. 1996), which held that property can be sold free of successor liability claims if they are connected to the property.

15. A court can also approve a §363 sale of assets free and clear of present claims if the claimant receives notice of the sale. *In re P.K.R. Convalescent Centers*, 189 B.R. 90 (Bankr. E.D. Va. 1995); *In re White Motor Credit*, 75 B.R. 944, 948-49 (Bankr. N.D. Ohio 1987); *In re All American of Ashburn*, 56 B.R. 186, 189 (Bankr. N.D. Ga. 1986); *Folger Adam Security v. DeMatteis/MacGregor JV*, 209 F.3d 252, 258-59 (3d Cir. 2000); *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 581-82 (4th Cir. 1996).

16. The Debtor received the proposed Purchase Agreement for the sale of the Purchased Assets.

17. The Purchaser is to pay $82,500.00 (the "Purchase Price") for the Purchased Assets. The Purchased Assets do not include the account receivables or the bank account balances.

18. The Debtor believes that the Purchase Price is a fair purchase price and that the terms of the APA are reasonable and in the best interests of the Debtor's estate, and requests the Court approve the Purchase Agreement.

19. The Debtor and Seller wish to close on or before September 30, 2017, or as the Court permits. The principal of the Buyer is an employee of the Debtor.

20. Debtor has spent months looking for a Buyer and believes that the Purchaser is the only option.

21. The Debtor submits that the service as set forth herein constitutes constitutionally adequate notice of the sale of the Purchased Assets, and the Debtor requests that this Court enter an Order deeming this service sufficient to give notice of the sale to all lienors, claimants, and all other parties claiming any interest in the Purchased Assets, including anyone claiming an ownership interest in such property. The Debtor requests the Court approve these Notice Procedures.

WHEREFORE, the Debtor respectfully request the entry of an order granting this Sale Motion, including approving the Purchase Agreement, approving the sale of the Purchased Assets free and clear of all liens, claims, encumbrances, and interests, including the interests of any governmental entity, and providing that such interests attach to the net proceeds of the sale; and granting the Debtor such other relief that the Court deems necessary.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, MO#52343, KS #19538
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (FAX)
cgotham@emlawkc.com
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing Motion was, on this 25th day of August, 2017, filed and served electronically by the Clerk of the Court to all parties receiving electronic notice and served via U.S. Mail, postage prepaid to all parties listed on the Court's creditor matrix..

                                        */s/ Colin N. Gotham*
                                        Colin N. Gotham